## HOMESTAKE MINING COMPANY, Appellant

v.

### GOMMER et al., Respondents

(143 N.W.2d 735)

(File No. 10259. Opinion filed July 1, 1966)

Rehearing denied September 2, 1966

**Kellar & Kellar & Driscoll,** Lead, **Martin P. Farrell,** Hot Springs, for appellant.

**Allen G. Wilson,** States Atty., Fall River County, Hot Springs, for respondents.

PER CURIAM.

This is an appeal from a circuit court judgment affirming a decision of the Board of County Commissioners of Fall River County rejecting appellant's application for abatement of 1963 personal property taxes levied against a stockpile of uranium ore. The stipulated facts show appellant the owner of the stockpile of ore, mined in 1962 in Wyoming and shipped from time to time to Edgemont, Fall River County, South Dakota, for milling and actually located therein on January 2, 1963, where it was listed and assessed for personal taxes levied thereon for 1963.

■ Pertinent provisions of South Dakota statutes authorizing these tax proceedings are:

SDC 57.0310—"All real and personal property in this state * * * except such as is hereinafter expressly excepted, is subject to taxation."

SDC 1960 Supp. 57.0322—"All real and personal property subject to taxation * * * in cities * * * shall be listed and assessed annually between the dates of January second and June thirtieth, but the value of such property is to be determined according to its value on the second day of January preceding the assessment."

The basis of appellant's contentions is the property had been lawfully listed and assessed "for the current year" in Wyoming and should "not be further assessed" as directed in SDC 1960 Supp. 57.0328. It appears appellant filed the statement required by § 39-223, 1957 Wyoming Statutes[1] reporting the tonnage of uranium ore produced during the calendar year 1962. Procedure for determining valuations and levy of assessments cover a period of time to the third Monday in August, with payment of the tax due permitted of 50% by November 10, 1963 and the remaining 50% by May 10, 1964. Appellant has paid this tax in full.

SDC 1960 Supp. 57.0328 reads as follows:

"In any case where a person whose duty it is to list personal property for assessment can show by duly authenticated certificate of assessment that the property or

---

1. Wyoming Statutes, 1957 provide:
   § 39-222: "The gross product of all mines and mining claims from which gold, * * * or other valuable deposit is, or may hereafter be produced, * * * shall be returned by the owner, owners, lessee, or operator thereof for assessment for taxation, assessed for taxation, and taxed in the manner provided for in this article [§§ 39-222 to 39-227]."
   § 39-223: "The owner, * * * shall, not later than the second Monday in February in each and every year, file with the state board of equalization a sworn assessment schedule statement setting forth the gross product in tons, gallons, or thousands of cubic feet as the case may be, of such mine or mineral claim during the calendar year expiring immediately preceding the first day of January of the then current year."

any part thereof has been **lawfully listed and assessed in any other taxing district of** this state, or in **any other state or territory,** for the **current** year, so that he is held for taxation of such property or any part thereof, in such other taxing district, state, or territory, then the property that is assessed for tax in such other district, state, or territory shall not be further assessed." (Emphasis supplied.)

It is not disputed the stockpile had been transported from Wyoming before January 2, 1963, and was located in this state on that date, not temporarily while in transit, but for processing by appellant. It therefore had acquired a tax situs in Fall River County, South Dakota, and subject to the taxing power of this state. The stockpile as personal property not being in Wyoming during 1963 had no tax situs there and so was not "lawfully listed and assessed in * * * any other state * * * for the current year", and did not come within the statutory direction that it "shall not be further assessed." SDC 1960 Supp. 57.0328. That section seeks to state the rule of tax situs as between taxing districts where personal property has been removed from one district to another, and not to except property from taxation. As stated above the property was taxable by the City of Edgemont on January 2, 1963, and the establishment of the principle contended for by appellant would seemingly authorize the excepting of the property from taxation upon the subsequent listing and assessment in a taxing district without the state. The statute does not contemplate any such result. With respect to taxable personal property moving into the state from another state or territory it is only intended that tangible personal property shall not be here taxable if the property having a situs in another state or territory was there lawfully listed and assessed during the period of the assessment of personal property in this state and then removed into and attaining a degree of permanency and situs in this state.

Appellant further contends if the ore was subject to tax, Lawrence County, where its principal place of business was located, was the proper county. The stipulated facts do not show the property had ever been listed or assessed in Lawrence

County, SDC 1960 Supp. 57.0328, so that objection is not available. See Morse v. Stanley County, 26 S.D. 313, 128 N.W. 153.

The judgment appealed from is affirmed.

DUNN, Circuit Judge, sitting for RENTTO, P. J., disqualified, dissents.

HANSON, J., concurs in dissent.

DUNN, Circuit Judge (dissenting).

I must respectfully dissent. The majority opinion omits one essential fact that was stipulated to and which is of the utmost importance in this case. The Wyoming tax on the stockpile in question was assessed and paid for the year 1963.[1] Whether the ore was mined in 1962 or in 1952 is of no consequence under the statute. SDC 1960 Supp. 57.0328 provides that where another state has lawfully listed and assessed a tax for the current year on the same identical property, it shall not be further assessed in this state.

There is no question of tax situs here. Naturally the ore had tax situs in Fall River County and was subject to tax, **unless** it was **exempt** by the **above mentioned statute.** Further, the fact that South Dakota had tax situs does not dictate the tax situs for the State of Wyoming. Under its law, this ore was legally assessed as personal property for the year 1963.[2] I do not feel that this Court has the power or the jurisdiction to change that stipulated fact, or to declare the Wyoming tax an "unlawful assessing". The stockpile of uranium, having already been legally assessed and taxed in Wyoming in 1963, should not have been assessed further in South Dakota during that same year.

---

1. Stipulation of fact number VIII filed October 31, 1964, which reads:
   "That the said stockpile of uranium ore was duly listed by the appellant for tax assessment in 1963, under the laws of the State of Wyoming, and that the tax levied thereon was paid in full. (See attached Exhibits)."
2. Miller v. Buck Creek Oil Co., 38 Wyo. 505, 269 P. 43, 73 A.L.R. 821; Board of Com'rs. of Sweetwater County, Wyo. v. Bernadin, 10 Cir., 74 F.2d 809.